IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DIANE O'BRIEN, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HARTFORD ACCIDENT & INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, HARTFORD INSURANCE COMPANY OF THE MIDWEST, HARTFORD UNDERWRITERS INSURANCE COMPANY, PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, SENTINEL INSURANCE COMPANY, LTD., TRUMBULL INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, and KNAPP INSURANCE AGENCY, INC., a Montana Corporation,<br><br>Defendants. | CV 15–14–H–CCL<br><br>ORDER |

Before the Court is Plaintiff's Motion for Remand (Doc. 7). The motion is opposed.

This putative class action is brought by Plaintiff Diane O'Brien ("Plaintiff") against both the Defendant Insurance Companies (the "Hartford Companies"), which have a principal place of business and a state of incorporation outside of Montana, and also against the Knapp Insurance Agency, Inc. ("Knapp"), which is a Montana corporation. (Doc. 5, Amended Compl., ¶¶ 1-2.) Plaintiff alleges that in 2011 she purchased a homeowner's insurance policy from the Hartford Companies through Knapp, an independent insurance agency, and the policy provided personal property coverage of $143,250, that amount being 75% of the value of her dwelling. In her Amended Complaint, Plaintiff asserts that her personal property is not worth $143,250. Plaintiff further alleges that the Hartford Companies always require homeowners to purchase personal property coverage at a value of 75% of their dwellings, whether or not their personal property actually justifies that valuation. Plaintiff therefore concludes that to the extent that she is paying a premium for personal property coverage in excess of her needs, the

insurance policy is illusory and violates Montana insurance laws and public policy. Plaintiff claims that Knapp concealed from her the illusory nature of the personal property coverage, and she did not discover this until after July 7, 2014.

In Count 1 of the Amended Complaint, Plaintiff seeks declaratory judgment that the Hartford Companies' collection of excess personal property premiums violates Montana law and public policy and is illegal. Plaintiff seeks return of all excessive premiums from the Hartford Companies, 10% interest on the refunded premium payments, attorney fees. In Count 2, Plaintiff alleges constructive fraud against Knapp and the Hartford Companies in their alleged concealment and failure to disclose the illusory nature of Plaintiff's personal property premiums. The Hartford Companies are also alleged to be liable for Knapp's conduct under principles of agency. In Count 3, Plaintiff alleges that Knapp and the Hartford Companies were negligent in obtaining this illusory coverage for her, and, again, the Hartford Companies are liable for Knapp's conduct under principles of agency.

In Count 4, Plaintiff alleges that she is bringing all of her claims on behalf of the following class of individuals:

"a.  Who purchased homeowners insurance policies issued by any of the Hartford Companies in Montana;

b.  Who had personal property worth less than 75% of the stated value of the dwelling insured under such insurance policy;

c.  Who paid premiums for personal property coverage; and,

d.  Whose claim arose not more than eight (8) years preceding the filing of the Complaint in this action."

(Doc. 5, Amended Compl., ¶ 20.)  Plaintiff states that "[t]he individuals in the class above defined number in the hundreds and are so numerous that individual joinder of class members as plaintiffs is impracticable."  (Doc. 5, ¶ 28.)

The first *class* claim is for declaratory relief and refund of excess premiums with interest, and the second class claim is for attorney fees for all class members.

Motion for Remand

Federal statutes govern whether a defendant may remove a case from state court to federal district court.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Pursuant to 28 U.S.C. § 1441, a civil case may be removed to a federal district court if the court has original jurisdiction over the issues.  In this

case, Defendants' Notice of Removal states that the removal is based on the court's original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), § 1453. Defendants assert (and Plaintiff agrees) that this is a class action with more than 100 putative class members, but Plaintiff contends that minimal diversity is lacking and less than $5,000,000 is in controversy. Plaintiff therefore denies that removal is proper under CAFA.

Normally, a presumption against removal attaches to state court cases removed pursuant to federal statute. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). In a CAFA case, however, there is no anti-removal presumption because "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014).

CAFA enlarges the federal district court jurisdiction over certain class actions (*i.e.*, those having at least 100 plaintiffs and putting into controversy at least $5 million) by relaxing the diversity of citizenship rules. Normally, of

5

course, all defendants must be diverse to the plaintiffs. Under CAFA, however, only minimal diversity is required, so that only the "primary defendants" need be diverse to the proposed plaintiff classes. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). In this case, the parties are in agreement that the putative class would number in the hundreds of policy holders.

The two issues raised by Plaintiff's motion for remand are whether the matter in controversy exceeds the sum of $5 million and whether minimal diversity exists in light of the presence of Knapp, the Montana insurance agency that procured Plaintiff's homeowner policy for her.

CAFA's Value of Matter in Controversy

When a complaint does not state the value of the matter in controversy, as is the case here, a defendant may state the value of the matter in controversy in its notice of removal. 28 U.S.C. § 1446(c)(2)(A). The amount so stated need only be plausible, should be short and plain (as is required by 28 U.S.C. § 1446(a)), and need not be supported by evidentiary documentation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547 (2014). However, the removing

defendant bears the burden of meeting a preponderance of the evidence standard. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015).

The notice of removal need only contain a "plausible allegation" as to the amount in controversy, *Dart*, 135 S.Ct. at 554, but when a plaintiff challenges this allegation, as in a motion for remand, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$5 million]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (applying *Sanchez* preponderance rule to CAFA cases). However, Defendants' "burden is not daunting, as courts recognize that under this ["more likely than not"] standard, a removing defendant is *not* obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (emphasis in original). Instead, defendants must demonstrate their consideration of "real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. The

7

defendant may submit affidavits, declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The claims of all class members (including those unnamed) must be aggregated to determine whether the matter in controversy exceeds the $5 million threshold. 28 U.S.C. § 1332(d)(6).

Defendants have submitted a Declaration of Fernando Guimaraes as an exhibit to the Notice of Removal. (Doc. 1-1.) In his Declaration, Guimaraes states that he is an employee of Hartford Fire Insurance Company, and he oversees a Product Management team that sets homeowners insurance rates in a five-state region, including Montana. He states that, in 2015, there were 13,269 homeowners insurance policies with personal property coverage in Montana issued by the Hartford Companies. (Doc. 1-1, ¶ 9.) The total number of the putative class would be significantly higher than 13,269, however, taking into account an 8-year class period. Guimaraes further states that Hartford does not calculate separate premiums for different coverages of its homeowners policies.

Instead, a "total policy premium covers "Coverage A - Dwelling, Coverage B - Other Structures, Coverage C - Personal Property, and Coverage D - Loss of Use." (Doc. 1-1, ¶ 3.) Guimaraes estimates that "the portion of total policy premium attributable to Coverage C for homeowners insurance policies in Montana during the eight-year period 2007-2014 [the putative class period] as between $15,905,141 and $29,159,425. (Doc. 1-1, ¶ 4.) This estimate is based upon $82,839,275 in total premiums received by the Hartford Companies between 2007 and 2014.

Guimaraes estimates that total personal property premiums to be as low as 19% or as high as 35% of the entire homeowner's policy premium. This means that either little as $15,904,141 or much as $29,159,425 is the putative class's total personal property premium at stake in this case. In his second declaration submitted with Defendants' response brief, Guimaraes also provides a percent of Montana-only personal property claims compared to all Montana claims (13%), resulting in a third estimation of $11,183,302. Any one of these estimates more than meet CAFA's matter in controversy requirement.

Defendants defends their estimates and the extrapolations therefrom as being reasonable under all the circumstances presented by the Amended Complaint. Plaintiff submits no evidence in response to Defendant's evidence, not even the extent to which Plaintiff's own personal property is overvalued by her personal property coverage, which would be a value that Plaintiff could have herself ascertained.

Plaintiff objects to Defendants' attempts to estimate what the personal property premium overcharge might be and how that might affect the Court's evaluation of the matter in controversy. This speculation, according to Plaintiff, cannot be the premise for Defendants to meet their preponderance burden of proof that the matter in controversy exceeds $5 million. Perhaps so, although the Plaintiff has not attempted to be at all specific regarding the alleged overcharging of premiums in her Amended Complaint, and in fact alleges that all the personal property premiums were "programmatically designed and implemented to sell illusory coverage for personal property" (Amended Compl., at ¶ 21), leading the Court to value what is at stake in this case to be the entire personal property

premium, not just the alleged overcharge.

The total amount of personal property premium is in issue because, at this point, virtually any percentage of that amount could ultimately be found to be the overcharge percentage. *See Lewis v. Verizon Commun., Inc.,* 627 F.3d 395, 400 (9th Cir. 2010); *Raskas v. Johnson & Johnson*, 719 FG.3d 884, 887-88 (8th Cir. 20134) (citing *Lewis* and finding total medication sales proper value instead of wrongful medication sales). The Defendants' most conservative estimate of $11,183,302 at stake well surpasses the $5 million requirement and plausibly demonstrates that the CAFA matter in controversy requirement is met. Defendants' assumptions underlying its calculations of the matter in controversy are reasonable and conservative, and supported appropriately by evidence.

In addition, the $5 million benchmark is again easily met by combining the value of the personal property premiums in issue with attorney fees and punitive damages. Potential attorneys' fee awards may be included in the amount in controversy when the "underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language...." *Galt v. Scandinavia*, 142 F.3d

1150, 1156 (9th Cir. 1998); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46. In the Ninth Circuit, "25% of the common fund" is a "benchmark award for attorney fees." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998). In addition, punitive damages may also be counted toward the CAFA matter-in-controversy requirement. The Court finds that Defendants have demonstrated by a preponderance that the value of the matter in controversy exceeds $5 million.

Home-State Exception and Minimal Diversity

Under section 1332(d)(4), Title 28, which is the "home-state" exception to CAFA removal, "a district court shall decline to exercise jurisdiction under paragraph (2)--

>    (A)(i) over a class action in which–
>
>       (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed;
>
>       (II) at least 1 defendant is a defendant–
>
>          (aa) from whom significant relief is sought by members of the plaintiff class;

12

> > (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> > (cc) who is a citizen of the State in which the action was originally filed; and
>
> > (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
>
> (B) two-thirds or more the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4). Plaintiff seeking remand under the "home-state exception" to removal jurisdiction bears the burden of proving that an express exception to removal applies. *See Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

Defendants argue that the "primary defendants (*i.e.*, the defendants from whom "significant relief" is being sought by Plaintiff) are the Hartford

13

Companies. The Hartford Companies packaged the homeowners policies and charged premiums therefor, and, significantly, they are the entities from which the Plaintiff seeks a premium refund. It is telling that Plaintiff seeks no damages directly from the Knapp Agency, and repeatedly asserts that the Hartford Companies are responsible for acts of the Knapp Agency under a theory of respondeat superior. This Court agrees that the Hartford Companies are clearly the primary defendants in this case.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (Doc. 7) is DENIED.

DATED this 22nd day of March, 2016.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE